Mr. Justice Clayton
delivered the opinion of the court.
This is an action of covenant brought upon a deed, in which the defendant covenants “ that he will warrarit and forever defend the title of the land sold.”
The declaration regards the deed in one count, as containing a covenant of seisin, and alleges that at the time of the sale one John H. Davis had a title valid in law, and superior to the right of Hightower; that defendant was not seized in fee, and that the plaintiff abandoned his claim under defendant, and accepted the title of Davis, whereby he avers defendant hath broken his covenant.
The next count alleges, “ that on the 18th of January, 1837, John H. Davis was the owner of said land, and had the legal *481 title thereto, and that he the plaintiff, by contract of purchase from said Davis, obtained possession of said land, and holding the same under said contract, and whilst he so held, the defendant made claim of title to said land, and the plaintiff, supposing defendant had right and title, accepted said deed, and after-wards said Davis asserted his title to the land, and plaintiff then ascertained that the title of Davis was paramount to that of the defendant, and accepted the deed from said Davis, which conveyed the only absolute and perfect title to said land, and was made and accepted after the execution of the deed of the defendant, and so plaintiff avers that the defendant’s covenant is broken.”
To this declaration the defendant demurred, and assigned as causes: 1. That it does not allege an eviction or ouster from the land by paramount title. 2. That it does not aver any disturbance by paramount outstanding title, nor that the plaintiff abandoned the possession from any threatened disturbance by paramount title. The court below sustained- the demurrer, and the case thence comes to this court.
This case was formerly in the court upon appeal from the vice-chancery court, when the bill was dismissed without prejudice to any legal right of the present plaintiff. 6 S. & M. 350. Many of the questions in regard to the construction of deeds were then open, which have been since settled by this court, and we were therefore willing, without intimating any opinion of our own, that the plaintiff should try the extent of his remedy at law, if he chose so to do. We then said, “ that in a case free from fraud and bad faith, the vendee will be left to the covenants and warranty in his deed, and that the vendor was, in general, only liable to the extent of his covenants.”
It has since been decided, that an express warranty in a deed does away with any implied warranty; and that when a party declares how far he will be bound to warrant, that is the extent of his covenant. Weems v. McCaughan, 7 S. & M. 427; Hoy v. Taliaferro, 8 S. & M. 727.
It has also been settled, that in covenants of general warranty, an eviction is usually necessary to establish a breach. But if, at *482 the time of the sale, there is a paramount title, and an adverse possession under it, the holding out of the purchaser is equivalent to eviction. Dennis v. Heath, 11 S. & M. 206. A covenantee of real estate is only protected to the extent of his covenants.
These principles are decisive of the present case. This deed contains no covenant of seisin. It is only a deed with general warranty of title. To constitute a breach of such covenant, an actual eviction or ouster, or a holding out under paramount title, is necessary. This declaration contains no such averments. On the contrary, the influence is, that the plaintiff has remained in the undisturbed possession, and that there is no one who can disturb him. All the conflicting titles are united in his hands. If, in purchasing from Hightower, he failed to protect himself by covenants, which would embrace his case, the law cannot extend them beyond their actual import.
The utmost' limit to which the cases, cited by the counsel of the plaintiff, go, is that an actual eviction under judgments of court is not always necessary. An ouster may be sufficient, but then the burthen of proof is upon the party who has yielded the possession. Hamilton v. Cutts, 4 Mass. 350; Stone v. Hooker, 9 Cow. 157. But these cases do not establish, that there can be a breach of the covenant of warranty without an eviction, an ouster, or a surrender, or holding out under a paramount, outstanding title.
The judgment is affirmed and cause remanded, that the party may amend, if in his power.